Yasar Samarah, Appellant.

No. 02–1758.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) on March 13, 2003.

Decided April 3, 2003.

**PHOENIX CONTAINER, a
Nevada Corporation,**

v.

**Yasar SAMARAH; Samarah Holding
Company, an Illinois Corporation;
Does 1 Through 10, inclusive**

Before: BECKER, Chief Judge,
RENDELL and AMBRO, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Yasar Samarah appeals a jury verdict
that held him liable for conversion, breach

of fiduciary duty, and unjust enrichment, and awarded appellee, Phoenix Container, Inc., $447,250 in compensatory damages and $450,000 in punitive damages. The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We will affirm.

As we write solely for the parties, we need not detail the factual background of this litigation. Samarah raises four issues on appeal. First, Samarah argues that the District Court should have granted him a stay pursuant to 11 U.S.C. § 362 because co-defendant Samarah Holding Company (SHC) filed for bankruptcy the week before the trial was scheduled to start. Second, he argues that the evidence was insufficient to support the verdict finding him liable for conversion, breach of fiduciary duty and unjust enrichment, and, thus, the District Court should have ordered a new trial. Third, he argues that there was no "legal or factual basis" supporting the grant of punitive damages. Lastly, Samarah argues that the trial court erred in not granting one of his motions to change venue.[1]

After a careful review of the record, we conclude that Samarah's arguments are meritless. As for his arguments attacking the sufficiency of the evidence supporting the jury's findings regarding liability and punitive damages, we find that there was sufficient evidence supporting the verdict and will affirm for substantially the rea-

sons set forth in the Memorandum filed by the District Court. As for his recently crafted argument that there was no "legal basis" for the award of punitive damages, we find no plain error. Further, it is clear that the District Court did not err in refusing to grant a stay under 11 U.S.C. § 362 due to SHC's bankruptcy filing and it did not abuse its discretion in otherwise refusing to grant a stay. Finally, the District Court did not abuse its discretion in denying Samarah's various motions to transfer venue. *See* 28 U.S.C. § 1391(a) (stating that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Accordingly, we will affirm the order of the District Court.

---

1. Several standards of review apply to this appeal. We review the District Court's refusal to grant a stay under 11 U.S.C. § 362 de novo because it involves a question of law. However, because it appears that the trial court also considered the request for a stay as a matter subject to its discretion, we also will review for an abuse of discretion. *Matter of Mendoza,* 111 F.3d 1264, 1266 (5th Cir.1997). We review a factual challenge to a jury's verdict by determining whether, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the verdict winner, there is sufficient evidence to support that verdict. *Tyson v. Litwin Corp.,* 826 F.2d 1255, 1258 (3d Cir.1987). We review the "legal" challenge to the award of punitive damages for plain error because Samarah did not raise the objection before the District Court. *Evans v. Port Authority of New York and New Jersey,* 273 F.3d 346, 351 (3d Cir. 2001) (discussing the plain error standard). Finally, We review a District Court's denial of a motion to change venue for abuse of discretion. *U.S. v. Inigo,* 925 F.2d 641, 654 (3d Cir.1991).