

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2005

# Phoenix Container v. Samarah

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1044

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Phoenix Container v. Samarah" (2005). *2005 Decisions*. Paper 1232.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1232

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1044
_____

PHOENIX CONTAINER, INC.,
a Nevada Corporation

v.

YASAR SAMARAH;
SAMARAH HOLDING COMPANY,
an Illinois Corporation;
DOES 1 THROUGH 10, inclusive

Samarah Holding Company,
Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 99-cv-00812)
District Judge: Honorable Dickinson R. Debevoise

_____

Submitted Under Third Circuit LAR 34.1(a)
November 15, 2004

Before:  ROTH, SMITH, AND WEIS, <u>Circuit Judges</u>.

(Filed: May 10, 2005)

———————————————
OPINION
———————————————

ROTH, <u>Circuit Judge</u>

Samarah Holding Company ("SHC") appeals the order of the United States District Court for the District of New Jersey granting the motion for partial summary judgment by appellee Phoenix Container, Inc. ("Phoenix"). For the reasons that follow, we will affirm.

As we write solely for the parties, we will not recount the background at length. In brief summary, Phoenix brought suit alleging seven claims of relief against SHC and Yasar Samarah, the former CEO/president of SHC and former CEO of Phoenix. Phoenix alleged that Samarah drew on Phoenix's master bank account to fund his own interests, the payments totaling $437,250. Shortly before trial, SHC filed for bankruptcy protection, and thus the case was stayed as to SHC. The trial proceeded against Samarah. The jury found Samarah liable and awarded Phoenix $437,250 in compensatory damages and $450,000 in punitive damages. Judgment was entered, and we affirmed. <u>Phoenix Container, Inc. v. Samarah</u>, C.A. No. 02-1758 (3d Cir. April 3, 2003). SHC's bankruptcy case was later dismissed, and Phoenix filed a motion for summary judgment against SHC solely as to its claim of unjust enrichment. The District Court granted Phoenix's motion and entered judgment in the amount of $437,250 plus interest. SHC appeals.

The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction

2

under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 232; Fed. R. Civ. P. 56(c). If the moving party meets the initial burden, the burden shifts to the nonmoving party to show that there is a genuine issue for trial. The party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading"; the party's response, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Saldana, 260 F.3d at 232 (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)). To succeed on an action for unjust enrichment, Phoenix had to establish that SHC received a benefit and that SHC's retention of that benefit would be unjust. See Stearns & Foster Bedding Co. v. Franklin Holding Corp., 947 F. Supp. 790, 812 (D.N.J. 1996) (citing VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994)).

After a careful review of the record, we agree with the District Court that Phoenix is entitled to summary judgment and will affirm for substantially the same reasons set forth in the District Court's opinion. At Samarah's trial, it was established that he converted Phoenix's money and that he was unjustly enriched. In its summary judgment motion, Phoenix argued that SHC benefitted from the conversion because Samarah used

3

Phoenix's funds to repay SHC's debt owed to DeMert & Dougherty, Inc. ("DeMert"), and noted that the jury found that there was no obligation running from Phoenix to DeMert. Phoenix supported its summary judgment motion with (1) the agreement establishing SHC's debt to DeMert, and (2) sworn trial testimony by Samarah and by former DeMert president Maurice Fisher, indicating that Samarah used Phoenix's funds in multiple payments directly to DeMert or via distribution through Samarah to DeMert's creditors. In response, SHC denied the existence of the agreement between SHC and DeMert and denied that any benefit inured to SHC. However, by resting on these denials, SHC failed to meet his burden under Rule 56(e) to show that a genuine issue for trial existed. We thus agree with the District Court's conclusion that Phoenix is entitled to summary judgment.

We have considered all of the arguments raised in SHC's briefs and, like the District Court, we find them to be without merit. Accordingly, we will affirm the District Court's judgment.